United States District Court
Southern District of Texas
**ENTERED**
August 07, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

SKYLER THOMAS RICE,          §
(SPN #01956417)              §
            Petitioner,        §
                              §
vs.                             §      CIVIL ACTION H-20–1356
                              §
ED GONZALEZ              §
                              §
            Respondent.      §

**MEMORANDUM AND OPINION**

Skyler Thomas Rice, an inmate of the Harris County Jail ("HCJ"), filed a federal petition for a writ of habeas corpus. The threshold issues are whether Rice's federal petition is subject to dismissal for nonexhaustion and whether his civil rights claims should be dismissed without prejudice as duplicative of claims adjudicated in a separate lawsuit.

**I.     Background**

Online research reveals that on March 6, 2018, Rice was arrested for the felony offense of possession of a controlled substance (Cause Number 1580280). On August 10, 2018, Rice was released on a $20,000 bond. On January 2, 2019, Rice forfeited his bond and the court issued an alias capias.

On March 6, 2019, the 338th Judicial District Court of Harris County, Texas sentenced him to deferred adjudication/community supervision for three years. On June 26, 2019, the State moved to adjudicate guilt because Rice had failed to comply with various conditions of deferred adjudication/community supervision. Online research reveals that on July 9, 2019, the 338th

O:\RAO\VDG\2020\20-1356.a01.wpd

Judicial District Court of Harris County, Texas granted the State's motion to revoke deferred adjudication and adjudicate guilt.

Rice filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 15, 2020. In the instant petition, Rice alleges that he has the following health problems: asthma; hypertension; depression; post-traumatic stress disorder; and chronic obstructive pulmonary disease. Rice alleges that these conditions place him at a higher risk of death from the COVID-19 global pandemic. Rice alleges that the common methods of mitigation such as social distancing and excessive hygiene are exceedingly difficult if not impossible to accomplish at the HCJ. He explains that he shares toilets, sinks, phones, and showers with other inmates. Rice seeks injunctive relief in the form of an order securing his immediate release from HCJ.

Court records show that Rice filed a civil rights complaint, Civil Action Number 4:20-1354, on the same day he filed the instant petition. In both cases, Rice sought release in the form of habeas corpus relief. He also challenged the conditions of his confinement by filing a motion for temporary restraining order compelling his release. On April 29, 2020, Judge Hittner dismissed Rice's civil rights claims in Civil Action Number 4:20-1354, explaining:

> Moreover, even if these claims could be brought in a civil rights complaint under § 1983, to the extent that Plaintiff seeks injunctive relief, his civil rights claims are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *Younger* held that a federal court may not interfere in an ongoing state criminal proceeding unless extraordinary circumstances are present. See *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). Abstention is required when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding';
> (2) the state has an important interest in regulating the subject matter of the claim; and
> (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Public Defenders Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex*

*Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

All three criteria are met in this case. Public records reflect that Plaintiff is represented by counsel in his Harris County criminal charges and that the proceedings remain ongoing. Plaintiff also has filed a state application for a writ of habeas corpus that also remains pending, which shows that he has an adequate state avenue to litigate his claims. Finally, Plaintiff does not show that the state does not have an interest unifying their efforts in controlling COVID-19, rather than piecemeal court intervention for prisoners. Moreover, Plaintiff does not otherwise allege facts showing that his medical conditions make him so particularly vulnerable that extraordinary circumstances exist that warrant federal court intervention in his criminal proceedings. Therefore, for the reasons stated above, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

Civil Action Number 4:20-1354, (Docket Entry No. 3).

## II.     The Habeas Corpus Claims

Rice seeks his immediate discharge from custody and requests release on his personal recognizance. The Court must consider whether Rice may seek pre-trial habeas relief on this claim. A petitioner may not seek pre-trial habeas relief under 28 U.S.C. § 2254. "[T]hat section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. § 2254(a) and (b)). Pre-trial petitions are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson*, 816 F.2d at 224; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973).[1] Therefore, Rice's request for immediate habeas

---

[1]Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3)[h]e is in custody in violation of the constitution or laws or treaties of the United States."

relief is construed as a claim for pre-trial habeas relief pursuant to 28 U.S.C. § 2241(c).

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224.  To be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.  It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c)(3).  Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).  This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

Rice satisfies the "in custody" requirement.  At the time of filing this action, he was incarcerated at the HCJ.  Though Rice satisfies the "in custody" requirement, the record reveals that he has not fully exhausted the available state remedies on his claim.  The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or

dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial). Rice's pleadings suggest that he has not yet pursued a petition for writ of mandamus in the Court of Criminal Appeals. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution). The Court's online research shows that Rice has filed a petition for a writ of mandamus, and the First Court of Appeals denied it on July 21, 2020. Rice has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals.

Texas has adequate and effective state procedures for obtaining a speedy trial, and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Rice's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. Rice's habeas claim is dismissed for failure to exhaust state remedies.

## III.     The Civil Rights Claims

In his habeas petition, Rice also asserts that he has been exposed to the coronavirus while in the HCJ. This claim concerns conditions of confinement, which must be challenged in a civil action under 42 U.S.C. § 1983. *See, e.g., Hudson v. McMillian,* 503 U.S. 1 (1992). Civil rights claims are not actionable in a federal habeas proceeding because the writ of habeas corpus provides a remedy only for prisoners challenging the "fact or duration" of confinement and is not properly used as an avenue for relief from conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

O:\RAO\VDG\2020\20-1356.a01.wpd                5

The Fifth Circuit has counseled that if a prisoner's initial pleading contains both habeas and civil rights claims under 42 U.S.C. § 1983, the district court should separate the claims for consideration. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).  It is not appropriate, however, to consider civil rights claims in a habeas proceeding because of requirements imposed by the Prison Litigation Reform Act ("PLRA").  Unlike habeas proceedings, the PLRA requires prisoners asserting civil rights claims under § 1983 to pay the filing fee for a civil action even if they receive leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b).

The filing fee for a federal habeas proceeding is $5.00, and the fee for a civil action is $350, plus a $50 administrative fee.  *See* 28 U.S.C. § 1914(a)-(b).  If a prisoner qualifies for leave to proceed in forma pauperis, the $50.00 administrative fee is waived, but he must still pay the $350 filing fee by installment from his inmate trust fund account. *See* 28 U.S.C. § 1915(b).  Though Rice has requested leave to proceed without prepayment of the filing fee, he has not provided the documentation required for purposes of establishing indigence by the PLRA. *See* 28 U.S.C. § 1915(a)(2).

In addition, a court is required by the PLRA to review the pleadings and "dismiss the case" if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth the same grounds).  A prisoner who incurs three dismissals or "strikes" loses his eligibility to proceed in forma pauperis and may be barred from filing suit unless he can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).  Rice raised virtually identical claims in a previous federal

lawsuit, Civil Action Number 4:20-1354.

This Court declines to convert this habeas proceeding into a civil action under 42 U.S.C. § 1983 or allow Rice to evade the PLRA, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma pauperis. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). *See also Brown v. Megg*, 857 F.3d 287, 292 (5th Cir. 2017) (observing that a strike may be imposed under the PLRA only where the entire "action" is dismissed for one of the grounds listed in 28 U.S.C. § 1915(g)).

Rice is attempting to raise claims of failure to protect his safety that are not actionable in a habeas corpus proceeding.  The Court will dismiss those claims without prejudice as duplicative of claims previously adjudicated in Civil Action Number 4:20-1354.  In forma pauperis complaints may be dismissed as frivolous if they seek to re-litigate claims that assert substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata. *Id.*  A district court may dismiss as malicious a pauper's complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

As noted, Rice filed the instant case on the same day he filed Civil Action Number 4:20-1354.  Judge Hittner dismissed that complaint under 28 U.S.C. § 1915(e)(2)(B), and that dismissal was deemed a strike under 28 U.S.C. § 1915(g).  The claims in the above-styled action will be

DISMISSED as duplicative of claims previously adjudicated by the Court in Civil Action Number 4:20-1354.

**IV.    Conclusion**

Rice's federal petition for a writ of habeas corpus is DENIED for failure to exhaust state court remedies.  Rice's failure-to-protect claims are DISMISSED as duplicative of claims previously adjudicated by the Court in Civil Action Number 4:20-1354.  Rice's Motion to Proceed in Forma Pauperis, (Docket Entry No. 3), is GRANTED. Rice's Petition for a Writ of Habeas Corpus Ad Testificandum, (Docket Entry No. 5) is DENIED.  Rice's Motion for United States Marshal to Complete Service, (Docket Entry No. 4), and Motion for Temporary Restraining Order, (Docket Entry No. 6), are DENIED as moot.  All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling. *Slack,* 529 U.S. 484.  Rice has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on ___August 6_____, 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE